# United States Court of Appeals for the Fifth Circuit

No. 22-50468
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 9, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Manuel Cejudo-Mancinas,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:22-CR-11-1

Before Jones, Stewart, and Oldham, *Circuit Judges*.

Per Curiam:*

Jose Manuel Cejudo-Mancinas appeals the 30-month sentence and three-year term of supervised release imposed after his guilty plea conviction for illegal reentry after having previously been deported, pursuant to 8 U.S.C. § 1326(a) and (b)(2). Cejudo-Mancinas contends that it violates the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-50468

Constitution to treat a prior conviction that increases the statutory maximum under § 1326(b) as a sentencing factor, rather than as an element of the offense. He concedes that this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve the issue for future review. In addition, he has filed an unopposed motion for summary disposition.

As Cejudo-Mancinas concedes, the sole issue raised on appeal is foreclosed by *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014). Because his position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), summary disposition is proper. Accordingly, Cejudo-Mancinas's motion for summary disposition is GRANTED, and the judgment of the district court is AFFIRMED.